S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
LEAH K. BOLSTAD, OSB #05203
Assistant United States Attorney
Leah.Bolstad@usdoj.gov
1000 S.W. Third, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:12-CR-00300-MO |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| BRANDON CHRISTOPHER ROGERS, Defendant. | *Sentencing Hearing 12-17-12* |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, and Leah K. Bolstad, Assistant United States Attorney, hereby submits the following sentencing memorandum

### I.     GOVERNMENT'S SENTENCING RECOMMENDATION

For the reasons set forth below, the government recommends that the Court impose a sentence of 69 months' imprisonment to be served concurrently with defendant's state post-prison supervision sanction, a three-year term of supervised release, and a $100 fee assessment.

//

**II.    SUMMARY OF PROCEEDINGS**

On June 5, 2012, the grand jury issued a two-count Indictment charging defendant with (1) Felon in Possession of a Firearm, and (2) Felon in Possession of Ammunition, both in violation of Title 18, United States Code, Section 922(g)(1).

On August 3, 2012, defendant pled guilty to Count 1 – Felon in Possession of a Firearm. The maximum sentence for this offense is ten years' imprisonment, a fine of $250,000, three years of supervised release, and a $100 fee assessment. The United States Probation Office completed a Presentence Report (PSR). The government agrees with the PSR's factual summary, criminal history, and guideline calculation.

**III.   FACTUAL BACKGROUND**

On December 8, 2011, at approximately 2:00 a.m., Portland Police Bureau (PPB) officers executed a traffic stop on a white Mazda for an improper lane change. Driver Angela Thompson did not have a license or any identification, and she said she borrowed car from friend. Ms. Thompson showed insurance documents in the name of "William Stine," but the vehicle was not registered to Thompson or Stine. Front passenger Brandon Rogers (defendant) told officers he was on felony probation. Rogers agreed to allow officers to search his backpack. During a search of the backpack, officers found a baggie of methamphetamine, .380 Blazer ammunition, two baggies of methamphetamine inside a Coca-Cola hide-a-can, and unused needles. Defendant was arrested, searched, and officers found an additional 3 ziploc baggies of methamphetamine up his sleeve. During a search of the vehicle, officers located an unloaded Bersa Thunder .380 semi-auto pistol next to a loaded magazine in the compartment behind the driver seat. The ammunition in the loaded magazine matched that found in defendant's backpack.

After being advised of his Miranda rights, defendant admitted he saw the gun earlier at Stine's residence, and defendant was only helping Stine obtain bullets for it. ATF agents determined the firearm was manufactured by Bersa in Argentina and therefore moved in interstate commerce. Finally, at the time of defendant's possession (Dec. 8, 2011), he had previously been convicted of crimes punishable by terms of imprisonment exceeding one year, including: (1) 2011 Felony Possession of a Controlled Substance, (2) 2011 Felony Unlawful Use of a Motor Vehicle, and (3) 2007 Felony Assault III and Robbery II.

## IV. SENTENCING CONSIDERATIONS

While not bound by the Sentencing Guidelines, district courts must consult the Guidelines and take them into account when sentencing. *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738, 767 (2005). Even though the Guidelines are advisory, they remain influential in an effort to ensure national consistency. *Gall v. United States*, 128 S. Ct. 586, 596 (2007) ("to secure nationwide consistency, the Guidelines should be the starting point and initial benchmark" for sentencing); *see also United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) ("[The] continuing duty of district courts to consult the Guidelines is statutory.").

After the parties are given a chance to argue for a sentence they believe is appropriate, the Court should consider the § 3553(a) factors and decide if they support the sentence suggested by the parties. *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008) (citing *Gall*, 128 S. Ct. at 596-97, n.6). The Court must make an individualized determination based on the facts, may not presume that the Guideline range is reasonable, and should not give the Guidelines factors more or less weight than other § 3553(a) factors. *Id.* If the Court decides an outside-Guidelines sentence is warranted, the Court must ensure the justification is sufficiently compelling to

support the degree of variance. *Id.* And finally, once a sentence is selected, the Court must explain it sufficiently to permit meaningful appellate review. *Id.* at 992.

Factors to consider under 18 U.S.C. § 3553(a) include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to provide just punishment for the offense; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to protect the public from further crimes of the defendant; and the need to provide the defendant with needed training, care, or treatment.

## V.     PLEA AGREEMENT AND GUIDELINES CALCULATION

### A.     Base Offense Level and Prior Criminal History

Sentencing Guideline § 2K2.1 governs the base offense level calculation for the crime of Felon in Possession of a Firearm. Based on defendant's prior convictions for crimes of violence, Robbery II and Assault III, his base offense level is 20. U.S.S.G. § 2K2.1(a)(4)(A). PSR ¶ 16.

### B.     Stolen Firearm & Abandonment

Officers determined that the firearm at issue in this case had been reported stolen from the trunk of the owner's vehicle three weeks prior to the defendant's traffic stop. PSR ¶ 10. Because the firearm involved in the offense was stolen, a 2-level increase is warranted pursuant to Guideline 2K2.1(b)(4). PSR ¶ 17. In the plea agreement, defendant agreed to abandon all right, title, and interest in the seized firearm and ammunition listed in the indictment. CR 14 - Plea Agreement ¶ 10. Based on this agreement, law enforcement will return the seized firearm to the lawful owner.

//

### C. Possession in Connection with a Felony Offense

Laboratory testing confirmed 22.74 grams of methamphetamine seized from defendant during the traffic stop. This methamphetamine was packaged and ready for sale, and given the distribution quantity at issue, defendant could have been charged with the federal crime of Possession with the Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1). The government agrees with the PSR writer that these facts establish defendant possessed the firearm in connection with another felony offense, warranting the application of a four-level enhancement pursuant to Guideline Section 2K2.1(b)(6). PSR ¶ 18.

### D. Acceptance of Responsibility

The government recommends a three-level reduction to recognize defendant's acceptance of responsibility pursuant to § 3E1.1. PSR ¶ 23. The government is also recommending an additional one-level downward variance to recognize defendant's early acceptance of responsibility both at arrest and by entering a timely change of plea. Plea Agreement ¶ 7; PSR ¶ 70.

## VI. CONCLUSION & RECOMMENDATION

Based on a total offense level of 22 and a criminal history category IV, defendant's advisory guideline range is 63-78 months. The government recommends a mid-range sentence of 69 months to be served concurrently with the anticipated 20-month post-prison supervision sanction from state court. The government believes this is a reasonable sentence in light of defendant's willingness to resolve this case expeditiously. For the reasons set forth above, the government urges the Court to find that a sentence of 69 months' imprisonment, followed by 3 years on supervised release, and a fee assessment of $100, satisfies the requirement of

18 U.S.C. § 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

Dated this 14th day of December 2012.

> Respectfully submitted,
>
> S. AMANDA MARSHALL
> United States Attorney
>
> *s/ Leah K. Bolstad*
> LEAH K. BOLSTAD, OSB #05203
> Assistant United States Attorney